# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-06410-GW-FFM | Date | September 9, 2019 |
| Title | *Mayallpostan, LLC v. Brown, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO STATE COURT**

On July 24, 2019, defendants Loretta Brown and Nathaniel Brown, Jr. ("Defendants"), both *in pro per*, removed to this Court this unlawful detainer action filed in Los Angeles County Superior Court by plaintiff Mayallpostan, LLC ("Plaintiff"). This Court is obligated to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). That jurisdiction is clearly lacking here.

Defendants assert that this Court has federal question jurisdiction. Specifically, they assert that defendant Nathaniel Brown, Jr. ("Nathaniel") "resides in the dwelling which gives rise to this litigation and is a disabled man within the meaning of the Americans with Disabilities Act . . . which is a federal law. Furthermore, Nathaniel is being subject to allegations which involve a federal question, therefore[] it is proper for this case to be litigated in the federal court." Docket No. 1, at 2:27-3:3; *see also* Declaration of Loretta Brown, ¶¶ 3-4.

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction bears the responsibility of proving otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and "[t]he removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (omitting internal citations).

                                                                                                    :   

                                                                            Initials of Preparer   JG

It is the face of the plaintiff's pleading that a federal court examines in attempting to discern jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As noted previously, this is an unlawful detainer action. Plaintiff asserts no claims under the Americans with Disabilities Act or any other federal law. Any defenses or counterclaims (and any federal issues/questions Defendants might raise therein or thereby) are irrelevant to the question of this Court's jurisdiction. *See id.* at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *see also* Docket No. 1, at pg. 22 of 32 (Unlawful Detainer Answer stating, as an affirmative defense, that Nathaniel "is the disabled son of Nathaniel Brown").

Given the undeniable absence of federal jurisdiction, the Court remands the matter to Los Angeles County Superior Court. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

Deputy Clerk _____

:  _____

Initials of Preparer   JG